[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff. Carlos Ramos, seeking reinstatement of his employment with the defendant, H.N.S. Management Company, Inc., from which he was discharged for violation of a probationary status. He also seeks back wages, money damages, attorneys fees and punitive damages. In a second count he seeks damages for negligent infliction of emotional distress.
The action is brought pursuant to General Statutes § 31-29Oa which states, in pertinent part, as follows:
 "(a) no employer . . . shall discharge . . . any employee because the employee has filed for worker's compensation benefits . . . "
The plaintiff had been working as a bus driver for the defendant since 1991. During the period of April 19, 1991 and October 17, 1994, the plaintiff has been cited for approximately forty violations (See Ex.21). The plaintiff was suspended approximately seven times and was terminated once before on July 30, 1992 for insubordination. His
The plaintiff had been working as a bus driver for the defendant since 1991. During the period of April 19, 1991 and October 17, 1994, the plaintiff has been cited for approximately forty violations (See Ex.21). The plaintiff was suspended approximately seven times and was terminated once before on July CT Page 1975 30, 1992 for insubordination. His record was characterized by witnesses for the defendant as one of the worst on record. The plaintiff suffered a work related back injury in April of 1993 and filed a workers' compensation claim with the defendant s claim department. That claim was contested and remained open prior to the filing of this lawsuit. The plaintiff had also filed three other such claims with the defendant.
After hearing all of the witnesses, this court has concluded that the plaintiff has failed to sustain his burden of proving the statutory violation. The court further is satisfied that, in fact, the plaintiff s discharge was solely because of his incurring further violations while he was on probation for previous violations, i.e. he failed to advise his supervisors that he was taking prescription medications in violation of company rules, and in addition, he failed to pick-up employee passengers, also in violation of company rules.
There is no evidence, other than speculation on the part of the plaintiff, that his discharge was in any way related to his compensation claim. The better evidence is that the supervisor, v personnel responsible for his discharge knew little or nothing of his compensation claim and discharged the plaintiff because of his long record of violation of company rules.
Judgment may enter for the defendant.
Freed, J.